UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CEDRIC LORENZO ANDERSON, <br><br> Petitioner, <br><br> v. <br><br> DEP'T OF CHILDREN AND FAMILY SERVICES, <br><br> Respondent. | No. CV 15-180-AB (PLA) <br><br> **ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION** |

**I.**

**SUMMARY OF PROCEEDINGS**

On January 9, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), raising the following claims: (1) ineffective assistance of counsel, abandonment, and false promise; (2) actual innocence (factual and legal), miscarriage of justice, and manifest injustice; (3) freedom of speech, cruel and unusual punishment, 14th Amendment due process and equal protection violation, abuse of process, extrinsic and intrinsic fraud; (4) cruel and unusual punishment and RICO; and (5) unlawful seizure, violation of due process, 5th Amendment and 14th Amendment violations, and equal protection. (Pet. at 5-6; see also Dkt. Nos. 1-11).

/

On January 13, 2015, after reviewing the Petition and its related documents, the Magistrate Judge issued an Order finding that it was not clear from the filings whether petitioner was challenging the legality of a conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the United States.[1]  (Dkt. No. 20).  The Magistrate Judge noted that the Petition appeared to be challenging California state court juvenile dependency proceedings relating to the termination of petitioner's parental rights and the removal of his eight children from his custody by the Department of Children and Family Services ("DCFS").  (Id. (citing Pet'r Aff. (Dkt. No. 3) ¶¶ 33, 35)).  The Magistrate Judge also observed that petitioner did not appear to be "in custody."  (Id.).  Finally, the Magistrate Judge noted that even if petitioner was in custody pursuant to a judgment of a State court, and even if he was challenging that custody, there was no evidence he had exhausted the available state judicial remedies.  (Id.).  Accordingly, the Magistrate Judge ordered petitioner to file with the Court, no later than February 13, 2015, any documentation that would demonstrate (1) that petitioner is in custody pursuant to the judgment of a State court and is challenging his conviction or sentence; and (2) that his claims are exhausted.  (Id.).

On February 27, 2015, petitioner filed a number of documents purporting to respond to the Order:  (1) "Petitioner['s] Response to Magistrate Judge Order on January 13, 2015" ("Response" or "Resp."); (2) "A Partial Clarification and Declaration to Habeas Corpus Claims"; (3) "Plaintiff's [sic] Buffalo Motion for a Pretrial Discovery and Evidentiary Hearing with Supporting Memorandum

---

[1] To the extent a petitioner is "in custody" and seeks immediate release from confinement -- which does not appear to be the case herein -- federal habeas relief is the appropriate remedy.  To the extent a petitioner attempts to raise civil rights claims, a habeas petition is not the appropriate federal remedy.  See 42 U.S.C. § 1983.  Additionally, as discussed further herein, a petitioner may not invoke federal habeas corpus jurisdiction to challenge state parental rights or child custody proceedings.  Lehman v. Lycoming Cnty. Children's Serv. Agency, 458 U.S. 502, 511-12, 102 S. Ct. 3231, 73 L. Ed. 2d 928 (1982).

of Law"; (4) "Plaintiff's [sic] Motion to Amend Caption"[2] ("Mot. to Amend"); and (5) "Motion for Expedited Appointment of Counsel."

## II.

## DISCUSSION

Based on a thorough review of petitioner's filings, the Court determines that petitioner is not entitled to relief for the following reasons and, therefore, the Petition must be dismissed.

First, there is no showing that petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Although petitioner previously was arrested and incarcerated in the State of Texas on child abuse charges (Resp. at 10), those charges were later dismissed and petitioner was released. (Resp. at 11). That arrest and incarceration are not at issue herein.[3] Nowhere in his filings does petitioner provide evidence that he is now or ever has been in the custody of the State of California pursuant to a state court criminal conviction in violation of the Constitution, laws, or treaties of the United States. Additionally, although petitioner's children have been removed from his custody pursuant to a California juvenile dependency hearing and are in the custody of the DCFS (Resp. at 8), for purposes of a § 2254 action petitioner's children are not considered to be "in custody."[4] Lehman,

---

[2] It appears that petitioner seeks to amend the caption to read: Cedric L. Anderson, on Behalf of His Paternal Underage Children v. Leeanne Unchangco, Social Worker. (Mot. to Amend at 1). Petitioner claims that Ms. Unchangco has "day to day custody" of his underage children. (Id.).

[3] Petitioner previously challenged that arrest and incarceration in a federal habeas petition filed in the United States District Court for the Northern District of Texas. See Anderson v. Anderson, 2014 WL 3500151 (N.D. Tex. July 15, 2014). The district court dismissed the petition for failure to exhaust state court remedies. Id. at *2.

[4] Although petitioner does not explicitly make this argument, he does seek to amend his Petition to reflect that he is bringing the Petition on behalf of his underage children. (Mot. to Amend at 1). The Court notes, however, that a parent may not litigate a claim on behalf of a minor child unless the parent is an attorney. See C.D. Cal. R. 83-2.2.1 ("A non-attorney guardian for a minor or incompetent person must be represented by counsel"); Bullock v. Dioguardi, 847 F. Supp. 553, 561 (N.D. Ill. 1993) ("Although a parent has the right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel").

458 U.S. at 511. In <u>Lehman</u>, the petitioner, whose parental rights had been terminated, argued that her sons were involuntarily in the custody of the State for purposes of § 2254 because they were in foster homes pursuant to an order issued by the state court. <u>Id.</u> at 510. The Court held that children who had been placed in foster homes were not "in custody" within the meaning of § 2254, because being in the custody of foster parents is little different from the way that "other children are in the custody of their natural or adoptive parents" and the custody of foster parents "is not the type of custody" that can be challenged through a § 2254 petition. <u>Id.</u> at 510-11. The <u>Lehman</u> rule has been applied even where, as here, parental rights have not yet been terminated and the children are in the custody of foster parents.[5] See <u>Erichsen v. Orange Cnty. Soc. Serv. Agency</u>, 2013 WL 645460, at *3-4 (C.D. Cal. Feb. 19, 2013) (citing cases).

Second, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Accordingly, the Court must dismiss an unexhausted petition.

Here, petitioner does not dispute that his claims are unexhausted. Instead, he seeks to establish "cause and prejudice" for failing to exhaust his state court remedies, stating that his efforts to exhaust were "undercut, hindered and deliberately obstructed by unlawful state created actions of false arrest and imprisonment." (Resp. at 2). Specifically, he contends that in June 2013 "the State knowingly, intentionally created fabricated, coerced video evidence with malicious prosecution proceedings to influence[] an unlawful arrest [on August 26, 2013] and extradition by

---

[5] Petitioner states that the "Department of Children and Family Services is seeking to terminate Petitioner['s] Parental Rights in April 2015." (Resp. at 11).

4

the State of Texas, which Criminal charges [were] ultimately dropped after Petitioner, [the] Texas D.A. and [Petitioner's] Texas Court Appointed Attorney had a personal closed door meeting where Petitioner provided exculpatory evidence to D.A." (Resp. at 9-10). These and other actions "caused Petitioner to be removed from the California Appeals and California Supreme Court Jurisdiction, essentially Railroading him out of the state, which resulted in Petitioner being hindered and obstructed from Appealing his case effectively . . ." (Resp. at 10). Petitioner also contends in part that his claims are unexhausted because he was abandoned by his trial and/or appellate attorney and/or that trial and appellate counsel rendered ineffective assistance of counsel with respect to the California juvenile dependency proceedings in which his children were removed from his custody. (Id. at 6-12). However, petitioner provides no legitimate reason why he could not have raised his claims himself to the California Supreme Court even while incarcerated in Texas or, even now, while residing in Texas.[6] Accordingly, even if petitioner were somehow in custody, this Court must still dismiss the instant Petition as unexhausted.

Third, even if the Petition were exhausted, it would be dismissed for lack of jurisdiction based on the Supreme Court's decision in Lehman. In Lehman, plaintiff/mother filed a § 2254 habeas petition challenging the constitutionality of the state statute pursuant to which the state obtained protective custody of her children and thereafter involuntarily terminated her parental rights. Lehman, 458 U.S. at 504-06. The Supreme Court affirmed the district court's dismissal of her habeas petition for lack of jurisdiction and held that there is no federal habeas jurisdiction over collateral challenges to child custody determinations by state courts. Id. at 516. The Supreme Court observed that its precedents limited the availability of federal habeas relief to petitioners who, "*as a result of a state-court criminal conviction* . . . [have] suffered substantial restraints not shared by the public generally,"[7] and further stated that "federal habeas has never

---

[6]   In California, "[h]abeas corpus may be 'used in various types of child custody matters.'" In re Paul W., 151 Cal. App. 4th 37, 53 (Cal. App. 6 Dist. 2007) (citation omitted). "The 'writ will lie when a person entitled to custody of a minor child is denied possession thereof.'" Id. (citing In re Barr, 39 Cal. 2d 25, 27 (1952)).

[7]   Here, in determining that petitioner's children should be removed from his custody, the juvenile dependency court found clear and convincing evidence of a substantial danger to

been available to challenge parental rights or child custody." Id. at 509, 510-11 (emphasis added). The Supreme Court emphasized the federalism and comity concerns that would arise should federal habeas jurisdiction be found to exist over claims stemming from child custody matters, noting "the exceptional need for finality in child-custody disputes" and the "unusually strong" nature of the State's "interest in finality." Id. at 512-13 (given that federal courts "consistently have shown special solicitude for state interests" in family matters, extending federal habeas jurisdiction to encompass challenges to state court child custody decisions based on alleged collateral constitutional defects "would be an unprecedented expansion of the jurisdiction of the lower federal courts").

The Lehman rule applies here and federal habeas jurisdiction is lacking, particularly given the additional facts that petitioner is not "in custody" and has failed to exhaust his claims in the California Supreme Court.[8]

/
/
/
/
/

---

petitioner's children's physical health, safety, or emotional well-being if they were returned to petitioner's custody. In re M.A., 2014 WL 1571350, at *4 (Cal. App. 2 Dist. 2014). There is no evidence, however, that petitioner has any California state court criminal conviction. As noted, child abuse charges against petitioner in Texas were "dropped" on July 16, 2014.

[8]   Additionally, because there are proceedings apparently still pending in the state court (see Resp. at 11 (noting that the DCFS is seeking to terminate petitioner's parental rights in April 2015)), even if there was federal habeas jurisdiction, the Younger abstention doctrine might apply. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In Younger, the Supreme Court held that a federal court, with valid subject-matter jurisdiction, was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. Id. at 43-54. Thus, the doctrine of abstention precludes a federal court from deciding a case when it would potentially intrude upon the powers of another court.

Based on the foregoing, the Petition, on its face, shows that federal habeas relief is not available and, therefore, summary dismissal is required pursuant to Rule 4 of the Federal Rules of Civil Procedure.[9]

### III.
### **ORDER**

IT IS THEREFORE ORDERED that the Petition is summarily dismissed with prejudice for lack of jurisdiction.

DATED: April 3, 2015

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[9] In light of the Court's summary dismissal of the Petition, all pending motions are denied as moot.